**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD SUNWOO,<br><br>                              Plaintiff,<br><br>          v.<br><br>JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, JPMorgan Chase Severance Pay Plan Administrator, and Does 1-50.<br><br>                              Defendants. | Case No.: 1:20-cv-05410-VSB<br><br>*Electronically filed*<br><br>**Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**MORGAN, LEWIS & BOCKIUS LLP**

Melissa D. Hill
101 Park Avenue
New York, NY  10178-0060
(212) 309-6318
melissa.hill@morganlewis.com
                - and -
Tyler J. Hill
502 Carnegie Center
Princeton, NJ  08540-6289
(609) 919.6512
tyler.j.hill@morganlewis.com

*Counsel for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF ALLEGED FACTS................................................................... 3

    A.    JPMorgan's Severance Plan is a discretionary plan governed by ERISA ............ 3

    B.    Plaintiff's employment terminates and he receives benefits under the Severance Plan ................................................................................................... 4

    C.    Plaintiff files an arbitration seeking additional benefits under the Severance Plan, which the arbitrator dismisses in its entirety .............................. 6

    D.    Plaintiff files an administrative appeal seeking additional benefits under the Severance Plan, which the Plan Administrator denies.................................... 7

LEGAL STANDARD........................................................................................... 8

ARGUMENT .................................................................................................... 10

I.    PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND FRAUDULENT MISREPRESENTATION ARE PREEMPTED BY SECTION 514(A) OF ERISA....... 10

    A.    ERISA broadly preempts any state law claims that "relate to" an ERISA-governed employee benefit plan......................................................................... 10

    B.    Under ERISA's expansive preemptive reach, Counts One and Two of the Complaint plainly relate to the ERISA-governed Severance Plan ..................... 11

II.    PLAINTIFF'S ERISA CLAIM MUST BE DISMISSED BECAUSE HE IS NOT ENTITLED TO ADDITIONAL SEVERANCE BENEFITS UNDER THE TERMS OF THE PLAN ..................................................................................... 14

    A.    The Plan Administrator's Decision is entitled to a deferential standard of review and should be upheld............................................................................ 14

    B.    The Plan Administrator correctly determined that Plaintiff failed to timely file an administrative claim for benefits in accord with the Severance Plan's provisions ................................................................................ 16

    C.    The Plan Administrator correctly determined that Plaintiff's severance benefits were properly calculated under the terms of the Severance Plan.......... 18

III.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE RE-PLEADING WOULD BE FUTILE ...................................................... 20

CONCLUSION.................................................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Westpoint-Pepperell, Inc.*,
  11 F. Supp. 2d 277 (S.D.N.Y. 1997)........................................................................12

*Andrews v. Realogy Corp. Severance Pay Plan for Officers*,
  No. 13-CV-8210 RA, 2015 WL 736117 (S.D.N.Y. Feb. 20, 2015) ..................................15, 16

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009)........................................................................8

*Boison v. Ins. Servs. Office, Inc.*,
  829 F. Supp. 2d 151 (E.D.N.Y. 2011) ......................................................................15, 16

*Cicio v. Does*,
  321 F.3d 83 (2d Cir. 2003), *remanded on other grounds*, *Cicio v. John Does
  1-8*, 385 F.3d 156 ...............................................................................................11

*Costa v. Astoria Fed. S&L Ass'n*,
  995 F. Supp. 2d 146 (E.D.N.Y. 2014) ......................................................................12

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000)....................................................................................20, 21

*De Pace v. Matsushita Elec. Corp. of America*,
  257 F. Supp. 2d 543 (E.D.N.Y. 2003) ......................................................................12

*Devlin v. Trans. Commc'ns Int'l Union*,
  173 F.3d 94 (2d Cir. 1999)....................................................................................12

*Diamond v. Local 807 Labor-Mgmt. Pension Fund*,
  No. 12-CV-5559 RRM VVP, 2014 WL 527898 (E.D.N.Y. Feb. 7, 2014),
  <u>aff'd,</u> 595 F. App'x 22 (2d Cir. 2014)......................................................................16

*Enigma Mgmt. Corp. v. Multiplan, Inc.*,
  994 F. Supp. 2d 290 (E.D.N.Y. 2014) ......................................................................12

*Firestone Tire & Rubber Co. v. Bruch*,
  489 U.S. 101, 109 S.Ct. 948 (1989)........................................................................15

*Gilman v. Marsh & McLennan Cos.*,
  868 F. Supp. 2d 118 (S.D.N.Y. 2012)......................................................................12

*Guo v. IBM 401(k) Plus Plan*,
  95 F. Supp. 3d 512 (S.D.N.Y. 2015)........................................................................9

*Gustafson v. Bell Atl. Corp.*,
    171 F. Supp. 2d 311 (S.D.N.Y. 2001)....................................................................................12

*Karmilowicz v. Hartford Fin. Servs. Grp.*,
    No. 11 CIV. 539 CM DCF, 2011 WL 2936013 (S.D.N.Y. July 14, 2011) ............................20

*Mack v. Verizon Commc'ns Inc.*,
    No. 1:16-CV-7138-GHW, 2017 WL 6375786 (S.D.N.Y. Dec. 12, 2017),
    aff'd, 749 F. App'x 64 (2d Cir. 2019)...................................................................................15

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir.2007)..................................................................................................20

*Micciche v. Kemper Nat. Servs.*,
    560 F. Supp. 2d 204 (E.D.N.Y. 2008) ..................................................................................9

*Morlino v. Staten Island Univ. Hosp.*, No. 95 CV 3891 (NG), 1998 WL 160937,
    at (E.D.N.Y. Apr. 1, 1998), aff'd, 173 F.3d 845 (2d Cir. 1999) ......................................10, 12

*Nelson v. Nielsen Media Research, Inc.*,
    207 F. Supp. 2d 300 (S.D.N.Y. 2002)..................................................................................10

*New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*,
    514 U.S. 645, 115 S. Ct. 1671 (1995) ..................................................................................10

*Pagan v. NYNEX Pension Plan*,
    52 F.3d 438 (2d Cir. 1995)..............................................................................................15, 17

*Paneccasio v. Unisource Worldwide, Inc.*,
    532 F.3d 101 (2d Cir. 2008)............................................................................................11, 12

*Pilot Life Ins. Co. v. Dedeaux*,
    481 U.S. 41, 107 S.Ct. 1549 (1987)......................................................................................10

*Roberts v. Bliss*,
    229 F. Supp. 3d 240, 248 (S.D.N.Y. 2017)........................................................................7, 20

*Shaw v. Delta Air Lines, Inc.*,
    463 U.S. 85, 103 S.Ct. 2890 (1983)......................................................................................10

*Smith v. Dunham-Bush, Inc.*,
    959 F.2d 6 (2d Cir. 1992)....................................................................................................12

*Suarato v. Bldg. Servs. 32BJ Pension Fund*,
    554 F. Supp. 2d 399 (S.D.N.Y. 2008)..................................................................................19

*Tessler v. Paterson*,
    451 Fed. Appx. 30 (2d Cir. 2011).........................................................................................8

*Thompson v. Deutsche Bank Tr. Corp.*,
　No. 13 CIV. 1516 JMF, 2014 WL 584312 (S.D.N.Y. Feb. 14, 2014)....................................16

*Tulczynska v. Queens Hosp. Ctr.*,
　No. 17 CIV. 1669 (DAB), 2019 WL 6330473 (S.D.N.Y. Feb. 12, 2019)................................9

*Ullrich v. Linotype-Hell*,
　187 F. Supp. 2d 68 (E.D.N.Y., 2002) ...................................................................................13

*VanWright v. First Unum Life Ins. Co.*,
　740 F. Supp. 2d 397 (S.D.N.Y. 2010)...................................................................................15

*Zeuner v. Suntrust Bank Inc.*,
　181 F. Supp. 3d 214, 218-19 (S.D.N.Y. 2016) .........................................................7, 9, 14, 21

**Statutes**

ERISA Section 502 ....................................................................................................................7, 13, 16

ERISA Section 514 ....................................................................................................................2, 10

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................ *passim*

iv

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and JPMorgan Chase Severance Pay Plan Administrator (together, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their Motion to Dismiss the Complaint filed by Plaintiff Richard Sunwoo ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff's claims in this action are straightforward:  he is seeking additional benefits under the JPMorgan Chase U.S. Severance Pay Plan (the "Severance Plan").  The Severance Plan is a benefits plan governed by the Employee Retirement Income Security Act of 1974, *as amended*, ("ERISA").  The Complaint alleges Plaintiff is due benefits under the Severance Plan in excess of what Defendants disbursed to him in September 2018.  Notwithstanding that the Complaint seeks benefits under an ERISA plan, it also pleads state law causes of action for breach of contract (Count One) and fraudulent misrepresentation (Count Two), as well as a claim under ERISA alleging improper denial of benefits (Count Three).

Plaintiff is a former employee of JPMorgan.  In September 2018, JPMorgan terminated Plaintiff's employment and, shortly thereafter, Plaintiff executed a release agreement and JPMorgan paid him the benefits he was entitled to under the Severance Plan.  Compl., p. 4, ¶ 6. Plaintiff contends he was paid the wrong amount of benefits under the Plan; specifically, the Complaint alleges he was due $369,230.77, which is more than ten times the amount he received. *Id.* p. 7, ¶¶ 14-15.  Rather than submit a claim for benefits to the Plan Administrator as required under the terms of the Severance Plan, in December 2018, Plaintiff chose to file an arbitration against Defendants in which he sought additional benefits under the Severance Plan.  *Id.,* p. 7, ¶ 16.  He pled in the Arbitration the same state law causes of action that are alleged in the Complaint. *Id.*, p 7, ¶ 17.  The arbitrator quickly concluded that both of those claims are preempted

by ERISA because they relate to an employee benefit plan, and she dismissed Plaintiff's case in its entirety. *Id.* Trying for a second bite at the apple, Plaintiff now asserts the same claims in this lawsuit, again seeking nothing more than benefits under the ERISA-governed Severance Plan.

Indeed, ERISA broadly preempts state common law claims that "relate to" an ERISA-governed employee benefits plan. Section 514(a) of ERISA, 29 U.S.C. § 1144(a). Although cloaked as state law causes of action, Counts One and Two are premised on: Defendants' offer of severance benefits "based on the terms of the" ERISA-governed Severance Plan (Compl., Exh. B, p. 1); communications between Plaintiff and Defendants regarding benefits provided under the Severance Plan (Compl., p 3, ¶¶ 2-5); and payment of benefits disbursed pursuant to the Severance Plan, which the Complaint alleges was less than what Plaintiff expected (Compl., pp. 6-7, ¶¶ 13-14). District Courts in New York routinely hold that claims for benefits under an ERISA plan, even when disguised as state law causes of action, are preempted by ERISA. *See infra*, § I. Counts One and Two cannot survive this Motion.

Plaintiff's ERISA claim fails, too. In December 2019, after his arbitration was dismissed, and over a year after he received his payment under the Severance Plan, Plaintiff finally submitted his benefits claim to the administrative process. His claim for additional severance benefits was denied on January 31, 2020, and his appeal of that decision was likewise denied. Compl., p. 7, ¶ 18. On appeal the Plan Administrator found that (a) Plaintiff's administrative claim was untimely under the Severance Plan and (b) in any event, Plaintiff's severance was correctly calculated in accordance with the terms of the Severance Plan. Against the deferential standard of review that must be applied to Count III, Plaintiff cannot state a viable claim for relief. Specifically, given the sole discretion afforded to the Plan Administrator to interpret the Plan and decide claims for benefits, the Administrator's determination can only be overturned by this Court if the decision

was arbitrary or capricious.  On the face of the Complaint and the documents cited or incorporated by reference therein, Plaintiff cannot plausibly state a claim that the Administrator's reasoned decision fell short of that standard.

Following dismissal of the arbitration and denial of his administrative appeal, the instant action makes the same factual allegations, relies on the same documents, and repackages the same causes of action.  The same result must follow:  dismissal of this lawsuit in its entirety, and this time with prejudice.

## STATEMENT OF ALLEGED FACTS

### A.  JPMorgan's Severance Plan is a discretionary plan governed by ERISA.

JPMorgan established the Severance Plan to provide eligible exiting employees with severance benefits.  *See* Declaration of Melissa D. Hill submitted herewith in support of Defendants' Motion to Dismiss ("Hill Decl."), Exh. A, p. 2.  The Severance Plan is a single-employer severance pay plan governed by ERISA.  *See id.*, p. 15.  Under the terms of the Plan documents – namely, the Summary Plan Description (which, itself, constitutes the Severance Plan, *id.*, p. 13) – the "Plan Administrator[1] retains full and sole discretion to determine eligibility and the amount of severance pay, as well as to interpret the Plan."  *Id.*, p. 6.  Severance pay provided under the Severance Plan is conditioned upon execution of a release agreement.  *Id.*

If an eligible employee executes a release agreement, the Plan provides a number of weeks of severance pay calculated based upon the employee's Eligible Compensation and years of Continuous Service (as those terms are defined in the Severance Plan).  *Id.*, p. 8.  For salaried employees (such as Plaintiff), Eligible Compensation is an employee's weekly base salary

---

[1] Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase Severance Pay Plan Administrator serve, respectively, as the Plan Sponsor and Plan Administrator of the Severance Plan.  *Id.*, p. 14.

multiplied by 52, and bonuses, commissions, and overtime are excluded from this calculation. *Id.*, p. 5.  The amount of severance pay is then calculated based on the years of Continuous Service as of the employee's termination date. *Id.*, p. 9.

Participants do not submit a formal claim to receive severance pay; it is automatically issued in accordance with the terms of the Severance Plan. *Id.*, p. 11.  However, the Severance Plan provides procedures where, as here, a participant disputes the amount of severance pay he or she receives:

> [I]f you dispute the amount of severance pay you receive, you may write to Corporate Employee Relations. . . .Your written claim must be received within 60 days after the event giving rise to the claim.  Any written claims received more than 60 days after the event giving rise to the claim will be denied.  You should include a statement of the facts and the reason why you believe that you are entitled to severance pay.

*Id.*  If the initial claim is denied, the Severance Plan sets forth detailed procedures for participants to appeal the Plan Administrator's determination. *Id.*, p. 12.  If the participant's appeal is denied, the Plan Administer will inform the participant of his or her "right to bring a civil action under ERISA." *Id.*  "The Plan Administrator has full, sole and absolute discretion to interpret and administer the Plan, including … the amount of severance pay[.]" *Id.*, p. 13.

### B. Plaintiff's employment terminates and he receives benefits under the Severance Plan.

The Complaint alleges Plaintiff was employed by JPMorgan from 2002 to 2018.  Compl., p. 2, ¶ 5.  The Complaint further alleges that, by way of letter dated August 3, 2018, JPMorgan notified Claimant that "[d]ue to changes in our business, our staffing needs have changed" and that, as a result, Plaintiff's position "will be eliminated and [his] employment with JPMorgan Chase & Co…will terminate effective 9/16/2018" (the "Notice Letter"[2]).  Hill Decl., Exh. B, p. 1.

---

[2] The Complaint cites the "Release Agreement" and the "Notice Letter" and identifies both of these documents as exhibits to the Complaint.  *See* Compl., p. 1, ¶ 1 ("Exhibit A, Release Agreement") and p. 3, ¶ 1 ("Exhibit B, Notice

The Notice Letter indicated Plaintiff was eligible to receive severance pay "in accordance with the terms of the Severance Plan…provided that you timely execute the Release Agreement[.]"  *Id.*  Upon receiving the Notice Letter, Plaintiff allegedly "spoke with JPMC's authorized representatives" regarding benefits under the Severance Plan.  Compl., p. 3, ¶¶ 2-5.  Plaintiff signed a release agreement on September 3, 2018 (the "Release Agreement").  *Id.*, ¶ 6.

According to the Complaint, benefits under the Severance Plan were due and owing to Plaintiff "within two pay periods of his September 16, 2018 termination date."  Compl., p. 6, ¶ 13.  The Complaint concedes that Defendants timely (i.e., "within the two-pay period window of time") paid benefits to Plaintiff.  *Id.*, p. 7, ¶ 14.  Plaintiff, however, alleges Defendants failed to pay him the amount specified in the Release Agreement and he contends that he raised this matter to Defendants.  *Id.*, pp. 6-7, ¶¶ 10, 14, 15.  The Notice Letter instructs:  "If for any reason the number of weeks of severance pay described in this letter differs from the number of weeks that you are eligible for receive under the Severance Plan, you will receive the number of weeks specified in the Severance Plan."  Hill Decl., Exh. B, p. 2.  Indeed, the Severance Plan states that "plan documents control" and that "[o]nly the official Plan documents are used to determine severance pay eligibility or resolve claims disputes."  *Id.*, Exh. A, p. 13.  The Complaint ignores these directives and instead relies on the terms of the Release Agreement (not the Severance Plan) to allege that Plaintiff received an improper benefit amount.  Compl., p. 8, ¶ 22.

---

Letter").  Plaintiff, however, failed to file with the Court the exhibits to the Complaint.  Dkt. No. 1.  Upon request, Plaintiff's counsel's office, on August 18, 2020, emailed Defense counsel the exhibits, true and correct copies of which are attached to the Declaration of Melissa D. Hill.  *See* Hill Decl., Exhs. B and C.

**C.      Plaintiff files an arbitration seeking additional benefits under the Severance Plan, which the arbitrator dismisses in its entirety.**

On December 4, 2018, Plaintiff filed an arbitration against JPMC seeking, as he does in this lawsuit, additional benefits under the Severance Plan in connection with the termination of his employment (the "Arbitration"). *See* Compl., p. 7, ¶ 16. In the Arbitration, Plaintiff alleged he received a severance payment in the amount of $30,769 but in fact was due $369,230, and he sought to recover the difference – $338,461. Hill Decl., Exh. D, p. 4. He makes the same allegations in this lawsuit. *See* Compl., p. 8, ¶ 22. As he does in the Complaint, Plaintiff in the Arbitration asserted common law claims for breach of contract and fraudulent misrepresentation. Hill Decl., Exh. D, p. 1; Compl., Counts One and Two.

On April 30, 2019, the Arbitrator granted JPMorgan's Motion to Dismiss the Arbitration as to all claims. *Id.*, p. 10; Compl., p. 7, ¶ 17. The Arbitrator found it "abundantly clear" that Plaintiff's claims "are for severance benefits…, and that those benefits are under the ERISA governed Plan." Hill Decl., Exh. D, p. 6. Specifically, the Arbitrator ruled:

> Claimant's breach of contract claim is an assertion that the severance benefits Respondent paid were calculated improperly and were contrary to the formula set forth in the Plan, as described in the Notice Letter. Both the Notice Letter and the Release make explicit reference to the Plan and the severance payments that arise thereunder. Both documents establish unambiguously that the receipt of severance payments, to which Claimant was agreeing by executing the Release, was pursuant to the Plan. This is stated in the Release…and is repeated numerous times in the Notice Letter. In addition, the communications that led Claimant to execute the Release also relate fully to the determination of the sum to which he says he was entitled under the Plan and the manner in which eligibility for those benefits was created.

*Id.*, pp. 6-7. Accordingly, the Arbitrator concluded that Plaintiff's claims for breach of contract and fraudulent misrepresentation "are preempted by ERISA." *Id.*, p. 9.

**D.      Plaintiff files an administrative appeal seeking additional benefits under the Severance Plan, which the Plan Administrator denies.**

Plaintiff then attempted to file a claim pursuant to the Severance Plan's procedures for disputing a benefit award.  The Complaint alleges that, on April 14, 2020, "Defendants issued Mr. Sunwoo a final decision under the JPMorgan Severance Plan denying Mr. Sunwoo's demand Defendants pay Mr. Sunwoo all monies outstanding."  Compl., p. 7, ¶ 18.  That "final decision" refers to the letter, dated April 14, 2020, JPMorgan sent Plaintiff denying Plaintiff's administrative appeal seeking additional benefits under the Severance Plan (the "Appeal Decision Letter").[3]  Hill Decl., Exh. E, p. 1.  The Appeal Decision Letter concluded Plaintiff's severance award of $36,553.85[4] was properly calculated and paid in accordance with the terms of the Severance Plan.  *Id.*, p. 3.  It also concluded that Plaintiff's claim for benefits received on December 3, 2019 was untimely under the Severance Plan, which requires written claims be made within 60 days of the event giving rise to the claim.  *Id.*, p. 2.

On July 14, 2020, Plaintiff filed this lawsuit seeking, once again, additional benefits under the Severance Plan.  The Complaint pleads three causes of action against Defendants:  breach of contract (Count I), fraudulent misrepresentation (Count II), and improper denial of benefits under ERISA, § 502, 29 U.S.C. § 1132 (Count III).  Counts I and II, though characterized as state law causes of action, are claims for benefits under the ERISA-governed Severance Plan, and, therefore

---

[3] The Court on this Motion may consider the Appeal Decision Letter because Plaintiff's Complaint references and relies upon it.  *See, e.g.*, *Zeuner v. Suntrust Bank Inc.*, 181 F. Supp. 3d 214, 218-19 (S.D.N.Y. 2016) (on a Rule (b)(6) motion to dismiss, this Court considering an appeal denial letter issued pursuant to an ERISA plan, on which the complaint relied); *see also infra*, pp. 8-9.

[4] While the Complaint alleges Plaintiff was paid $30,769.23 of severance (Compl., p. 8, ¶ 22), the Appeal Decision Letter establishes Plaintiff was in fact paid $36,553.85 (Hill Decl., Exh. E, pp. 2, 3).  "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true."  *Roberts v. Bliss*, 229 F. Supp. 3d 240, 248 (S.D.N.Y. 2017) (internal citation and quotations omitted).  Accordingly, Defendants herein refer to the correct payment amount of $36,553.85.

are – as the Arbitrator correctly ruled – preempted by ERISA.  Count III fails on the merits and under the arbitrary and capricious standard because Plaintiff's benefits were properly calculated pursuant to the Severance Plan, and also because Plaintiff's administrative claim was untimely. The Court, therefore, should grant this Motion to Dismiss in its entirety and with prejudice.

## **LEGAL STANDARD**

Pursuant to Rule 12(b)(6), a complaint must be dismissed, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  Although courts are generally required to accept factual allegations as true and draw reasonable inferences in favor of the non-moving party, the Court is not bound by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and the Court need not credit a Plaintiff's "bald assertions" or "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 697 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In determining whether a plaintiff has satisfied this standard, courts must first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  After disregarding these conclusory allegations, a court should then accept as true only the remaining factual allegations and determine whether those allegations "plausibly give rise to an entitlement to relief." *Id.*  Applying these standards to the allegations in the Complaint, Plaintiff has failed to allege any viable claim against Defendants.

"In reviewing a motion to dismiss under Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Tessler v. Paterson*, 451 Fed. Appx.

30, 32 (2d Cir. 2011) (citing *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010)).

Accordingly, courts may consider on a Rule 12(b)(6) motion ERISA plan documents, administrative claims and appeals and denials thereof, and other documents comprising the administrative claim file that are attached to, incorporated by reference in, or otherwise relied upon in the complaint. *See Zeuner v. Suntrust Bank Inc.*, 181 F. Supp. 3d 214, 218-19 (S.D.N.Y. 2016) (on a motion to dismiss alleging denial of severance benefits under an ERISA plan, this Court considering the plan document, claim denial letter, and appeal denial letter); *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 522 (S.D.N.Y. 2015) (this Court considering the plan document, a beneficiary designation form, and correspondence between the plaintiff's counsel and the plan fiduciaries that were "essential to Plaintiff's ERISA claims"); *Micciche v. Kemper Nat. Servs.*, 560 F. Supp. 2d 204, 212 (E.D.N.Y. 2008) (the plan document and correspondence regarding the plaintiff's ERISA claim for disability benefits could be considered "without converting [the defendant's] dismissal motion into a Rule 56 motion for summary judgment").  "Perhaps most applicable here, where the language of a complaint is contradicted by a written document that plaintiff artfully conceals from a court, the court may consider such a document on a motion to dismiss[.]" *Tulczynska v. Queens Hosp. Ctr.*, No. 17 CIV. 1669 (DAB), 2019 WL 6330473, at *5 (S.D.N.Y. Feb. 12, 2019).[5]

---

[5] While Plaintiff failed to append the Severance Plan to the Complaint, the terms of the Plan (attached as Exhibit A to the Declaration of Melissa D. Hill) are referenced and relied upon in the Complaint.  Likewise, the documents regarding Plaintiff's administrative claim for severance benefits that are attached to and/or cited in the Complaint may also properly be considered on this Motion.

## ARGUMENT

### I.   PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND FRAUDULENT MISREPRESENTATION ARE PREEMPTED BY SECTION 514(A) OF ERISA.

#### A.   ERISA broadly preempts any state law claims that "relate to" an ERISA-governed employee benefit plan.

Congress enacted ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans" and to eliminate "the threat of conflicting or inconsistent State and local regulation of employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 99 (1983); *see also Nelson v. Nielsen Media Research, Inc.*, 207 F. Supp. 2d 300, 302 (S.D.N.Y. 2002) (ERISA was enacted to ensure employee benefit plans are subject to a "'single, uniform system of regulation'") (internal citation omitted).  To achieve uniformity, Congress included a deliberately sweeping preemption provision within ERISA, providing that ERISA "**shall supersede** any and all State laws insofar as they may now or hereafter **relate to** any employee benefit plan. . ."  Section 514(a) of ERISA, 29 U.S.C. § 1144(a) (emphasis added); *see also New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995) (Section 514(a) of ERISA "is clearly expansive"); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S. Ct. 1549, 1552, 95 L. Ed. 2d 39 (1987) (ERISA's preemption provisions are "deliberately expansive").

For purposes of Section 514(a) ERISA preemption, a common law claim "relates to" an employee benefit plan "'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'"  *Travelers Ins. Co.*, 514 U.S. at 656 (internal citation omitted).  A common law breach of contract claim that purportedly arises under a contract other than an ERISA plan "relates to" an ERISA plan when the contract promises benefits provided under an ERISA plan.  *See, e.g., Morlino v. Staten Island Univ. Hosp.*, No. 95 CV 3891 (NG), 1998 WL 160937, at *9 (E.D.N.Y. Apr. 1, 1998), aff'd, 173 F.3d 845 (2d Cir. 1999).  Additionally, "ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the

existence or extent of benefits under an employee benefit plan." *Cicio v. Does*, 321 F.3d 83, 96 (2d Cir. 2003), *remanded on other grounds*, *Cicio v. John Does 1-8*, 385 F.3d 156.  At bottom, "ERISA preempts those [common law claims] that seek 'to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA.'" *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008) (affirming dismissal of state common law claims) (internal citations omitted).

**B.      Under ERISA's expansive preemptive reach, Counts One and Two of the Complaint plainly relate to the ERISA-governed Severance Plan.**

Plaintiff attempts to recast his ERISA claim as amorphous breach of contract and fraudulent misrepresentation claims under state law.  Both of these claims must be dismissed because they "relate to" an ERISA-governed plan and thus are preempted by ERISA.  The Complaint refers to and relies on the Severance Plan, alleges benefits were improperly withheld under it, and in fact names the Plan Administrator as an individual defendant in this case.  Compl., p. 1-2, ¶¶ 1, 8; p. 3, ¶ 1; p. 7, ¶ 18.  Plaintiff also attaches to the Complaint the Notice Letter, which promises benefits under the Severance Plan.  *Id.*, p. 1, Exh. B.  Plaintiff repeatedly alleges what he was paid under the Severance Plan, and what he believes he is entitled to under the Severance Plan.  *Id.*, pp. 6-7, ¶ 10, 15.  Moreover, the representations Plaintiff contends Defendants made and upon which the Complaint relies relate solely to Plaintiff's severance pay under the Severance Plan.  *See id.*, pp. 3-4, ¶¶ 2-6.  Likewise, Plaintiff's allegations that misleading information supplied by Defendants led him to execute the Release is, as the Arbitrator correctly ruled, "simply a claim regarding the way in which the Plan was presented to him and is dependent upon the same set of facts upon which he asserts the breach of contract claim."  Hill Cert., Exh. D, p. 6.

Common law claims for breach of contract and fraudulent misrepresentation like Plaintiff's are routinely preempted by ERISA when they relate to an ERISA plan.[6]  New York Courts hold that it is a distinction without a difference to, as Plaintiff does, style a claim as a breach of contract rather than an ERISA claim for benefits when such contract promises ERISA-governed benefits. The Court in *Paneccasio*, for instance, reasoned that, like here, (1) the plaintiff's state law claims for breach of contract as well as fraudulent misrepresentation were based on a denial of benefits purportedly owed under an ERISA-governed plan, (2) each claim made explicit reference to the plan, and (3) any calculation of recovery would require reference to the plan itself.  *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008).  Consequently, the Court dismissed the plaintiff's claims.  *Id.*; *see also De Pace v. Matsushita Elec. Corp. of America*, 257 F. Supp. 2d 543, 560 (E.D.N.Y. 2003) (finding preemption applied because "to succeed on their common law fraud claims plaintiffs must plead and prove that a pension plan exists, that [defendant] misrepresented the terms of the plan, and that they relied on those misrepresentations").

Similarly, in *Morlino*, the Court held that the plaintiff's breach of contract claim was preempted by ERISA because it related to an ERISA plan.  There, the plaintiff entered into a separation agreement that extended his benefits under an ERISA plan.  *Morlino v. Staten Island Univ. Hosp.*, No. 95 CV 3891 (NG), 1998 WL 160937, at *2 (E.D.N.Y. Apr. 1, 1998), aff'd, 173 F.3d 845 (2d Cir. 1999).  When his subsequent claim for ERISA benefits was denied, the plaintiff alleged his employer breached the separation agreement.  *Id.* at *4.  The Court determined that

---

[6] *See, e.g., Devlin v. Trans. Commc'ns Int'l Union*, 173 F.3d 94, 101 (2d Cir. 1999) (breach of contract); *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 10 (2d Cir. 1992) (breach of contract); *Gilman v. Marsh & McLennan Cos.*, 868 F. Supp. 2d 118, 135 (S.D.N.Y. 2012) (breach of contract); *Allen v. Westpoint-Pepperell, Inc.*, 11 F. Supp. 2d 277, 281-282 (S.D.N.Y. 1997) (fraudulent misrepresentation); *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 328-329 (S.D.N.Y. 2001) (breach of severance plan and fraudulent misrepresentation); *Enigma Mgmt. Corp. v. Multiplan, Inc.*, 994 F. Supp. 2d 290, 302-303 (E.D.N.Y. 2014) (fraudulent misrepresentation); *Costa v. Astoria Fed. S&L Ass'n*, 995 F. Supp. 2d 146, 154 (E.D.N.Y. 2014) (breach of contract and fraud among claims preempted).

"although plaintiff relies on the separation agreement for his contractual rights, they are not independent of his rights and duties created by defendant's ERISA plan" because, like the Release Agreement and Notice Letter here, the separation agreement promised the plaintiff the benefits provided under the ERISA plan. *Id.* at *9.  As a result, the plaintiff's claim "necessarily 'relate[d] to' the ERISA plan, and thus, [was] preempted by ERISA." *Id.* (internal citations omitted).

The decision in *Ullrich* is also illustrative. *Ullrich v. Linotype-Hell*, 187 F. Supp. 2d 68, 72 (E.D.N.Y., 2002).  In that case, the plaintiff claimed entitlement to additional severance pay under an ERISA plan and he brought a claim for additional severance benefits in federal court under Section 502(a)(1)(B) of ERISA, as well as a state law claim for fraudulent inducement. *Id.* at 69.  The plaintiff argued that his fraudulent inducement claim was not preempted by ERISA because the claim concerned misrepresentations about his employment, not the severance plan. *Id*.  The Court in *Ullrich* rejected the plaintiff's argument, holding that "**[a]ny claim** relating to an employer's severance plan is preempted by ERISA…. Permitting Plaintiff to maintain his fraudulent inducement claim when the gravamen of that claim rests on a factual determination of the provisions of the Plan and the permissibility of purported amendments thereto…would not promote uniformity of the laws governing such plans." *Id.* at 73 (emphasis added).  Here, dismissal is warranted because the fraudulent representations alleged in the Complaint directly relate to the Severance Plan and it is undisputed that the Severance Plan is governed by ERISA.

Nor can Plaintiff escape ERISA preemption by contending that the Complaint seeks damages for breach of a contract other than the Severance Plan.  The Complaint alleges the Notice Letter is incorporated into the Release Agreement and that, together, they form a "fully integrated binding agreement," which Defendants allegedly breached and made material misrepresentations about.  Compl., pp. 6-7, ¶¶ 10, 12, 17.  While Count One is framed as a claim for breach of the

Release Agreement, the factual allegations underlying this cause of action inextricably relate back to Plaintiff's entry into the Severance Plan and his alleged entitlement to benefits under it.  *See*, Hill Decl., Exh. D, pp. 6-7.  Plaintiff's breach of contract claim is an assertion that severance benefits were improperly calculated *under the Severance Plan*.  The Notice Letter and the Release Agreement explicitly reference the Severance Plan and provide that receipt of the severance payments Plaintiff sought by executing the Release Agreement was based on the Severance Plan. *See* Hill Decl., Exh. B, p. 1 (Notice Letter "describes the severance pay and related benefits and services for which you will be eligible based on the terms of the…Severance Plan"); Exh. C, p. 1 (Release Agreement states that Plaintiff "sign[s] this Release Agreement [] in exchange for the severance pay, severance-related benefits and career services described in the Notice Letter," which is "incorporated into this Release by reference").  Equally so, the communications with Defendants that Plaintiff alleges caused him to execute the Release Agreement likewise relate exclusively to the determination of Plaintiff's severance benefits under the Severance Plan.  *See* Compl., p. 3, ¶¶ 2-5.  Thus, however framed, Plaintiff's breach of contract and fraudulent misrepresentation claims "relate to" the Severance Plan. *See* Hill Decl., Exh. D, p. 6.  Accordingly, Counts One and Two of the Complaint are preempted by ERISA and must be dismissed.

## II.  PLAINTIFF'S ERISA CLAIM MUST BE DISMISSED BECAUSE HE IS NOT ENTITLED TO ADDITIONAL SEVERANCE BENEFITS UNDER THE TERMS OF THE PLAN.

### A.  The Plan Administrator's decision is entitled to a deferential standard of review and should be upheld.

As an initial matter, it well settled in New York that courts may adjudicate the merits of an ERISA denial of benefits claim on a Rule 12(b)(6) motion.[7]  Here, and for the reasons set forth in

---

[7] *See Zeuner v. Suntrust Bank Inc.*, 181 F. Supp. 3d 214, 220-21 (S.D.N.Y. 2016) (on a motion to dismiss a claim for wrongful denial of severance benefits under an ERISA-governed severance plan, holding that "the case law does not bear out Plaintiffs' contention that resolution of their claims on a motion to dismiss would not be appropriate" and

the Plan Administrator's decision denying Plaintiff's appeal (Hill Decl., Exh. E), Plaintiff's claim

for benefits fails because his claim was untimely and because Defendants properly calculated

Plaintiff's severance benefits per the terms of the Severance Plan.

The Severance Plan vests the Plan Administrator with "full, sole and absolute discretion"

to, among other things, "determin[e]…the amount of severance pay." Hill Decl., Exh. A, p. 13. It

is settled law that a denial of benefits claim "is to be reviewed under a de novo standard unless the

benefit plan gives the [plan] administrator or fiduciary discretionary authority to determine

eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*,

489 U.S. 101, 115, 109 S. Ct. 948, 957 (1989). Where the plan grants discretionary authority to

the plan administrator, "a deferential standard of review is appropriate." *Id.*, 102, 950. "Under

the deferential standard, a court may not overturn the administrator's denial of benefits unless its

actions are found to be arbitrary and capricious, meaning 'without reason, unsupported by

substantial evidence or erroneous as a matter of law.'" *VanWright v. First Unum Life Ins. Co.*,

740 F. Supp. 2d 397, 401 (S.D.N.Y. 2010) (internal citation omitted); *see also Pagan v. NYNEX*

*Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995) ("This scope of review is narrow, thus [courts] are

not free to substitute [their] own judgment for that of the [administrator] as if we were considering

the issue of eligibility anew."). The "arbitrary and capricious" standard is synonymous with

"abuse of discretion" standard of review. *Mack v. Verizon Commc'ns Inc.*, No. 1:16-CV-7138-

GHW, 2017 WL 6375786, at *5 (S.D.N.Y. Dec. 12, 2017), aff'd, 749 F. App'x 64 (2d Cir. 2019).

---

ordering dismissal because "Defendants' interpretation of the Plan Terms is, at a minimum, reasonable"); *Andrews v. Realogy Corp. Severance Pay Plan for Officers*, No. 13-CV-8210 RA, 2015 WL 736117, *8-10 (S.D.N.Y. Feb. 20, 2015) (addressing at the Rule 12(b)(6) stage the merits of a plaintiff's claim alleging wrongful denial of severance benefits under an ERISA-governed plan, and ordering dismissal because the complaint "has not plausibly alleged that the Plan Administrator acted arbitrarily and capriciously"); *see also Boison v. Ins. Servs. Office, Inc.*, 829 F. Supp. 2d 151, 157 (E.D.N.Y. 2011) (court determining it was not precluded from "addressing the merits of the Plaintiff's claims at this stage in the litigation [on a Rule 12(b)(6) motion to dismiss]").

Here, the Severance Plan is a "Discretionary Plan" that grants the Plan Administrator "full and sole discretion to determine eligibility and the amount of severance pay, as well as to interpret the Plan."  Hill Decl. Exh. A, p. 6.  Accordingly, this Court must apply the deferential arbitrary and capricious standard of review under which "the Court's role is to determine whether the administrator's interpretation was made rationally and in good faith, not whether it was correct." *Boison v. Ins. Servs. Office, Inc.*, 829 F. Supp. 2d 151 (E.D.N.Y. 2011).

Indeed, *on Rule 12(b)(6) motions to dismiss,* New York district courts routinely apply the arbitrary and capricious standard to review denial of benefits claims brought under ERISA, such as Count Three in Plaintiff's Complaint.  *See Andrews v. Realogy Corp. Severance Pay Plan for Officers*, No. 13-CV-8210 RA, 2015 WL 736117, *2-3, *6 (S.D.N.Y. Feb. 20, 2015) (in an action seeking severance benefits under an ERISA plan, this Court applying the arbitrary and capricious standard to grant the defendant's motion to dismiss the plaintiff's § 502(a)(1)(B) ERISA claim); *Boison*, 829 F. Supp. 2d at 151, 158 (granting under the arbitrary and capricious standard a motion to dismiss a claim seeking recovery of benefits under an ERISA plan); *Diamond v. Local 807 Labor-Mgmt. Pension Fund*, No. 12-CV-5559 RRM VVP, 2014 WL 527898, at *8 (E.D.N.Y. Feb. 7, 2014), aff'd, 595 F. App'x 22 (2d Cir. 2014) (applying deferential standard to grant dismissal of an ERISA claim on Rule 12(b)(6) motion); *Thompson v. Deutsche Bank Tr. Corp.*, No. 13 CIV. 1516 JMF, 2014 WL 584312, at *3 (S.D.N.Y. Feb. 14, 2014) (citing arbitrary and capricious standard to grant motion to dismiss ERISA claim seeking pension funds).

**B.    The Plan Administrator correctly determined that Plaintiff failed to timely file an administrative claim for benefits in accord with the Severance Plan's provisions.**

Count Three fails because, as the Plan Administrator correctly determined, Plaintiff's administrative claim seeking additional severance was untimely under the express terms of Severance Plan.  Specifically, the Severance Plan instructs: "Your written claim must be received

within 60 days after the event giving rise to the claim.  Any written claims received more than 60 days after the event giving rise to the claim **will be** denied."  Hill Decl., Exh. A, p. 11 (emphasis added).  The Complaint alleges that payment was due "within two pay periods of [] September 16, 2018" and that "Defendants caused only $30,769 to be paid to Mr. Sunwoo within the two-pay period window of time."  Compl., pp. 6-7, ¶¶ 13-14.  There can be no dispute that Defendants' disbursement of severance benefits in September 2018 constitutes the "action giving rise to the claim" that, under the Severance Plan, commences the 60-day time period.  *See* Compl., p. 7, ¶ 15; Hill Decl., Exh. A, p. 11.  Plaintiff, however, did not file an administrative claim with the Plan Administrator until December 3, 2019.  *See* Hill Decl., Exh. E, p. 2.  Because Plaintiff submitted his claim more than 60 days after he received the severance payment, denial was required under the Plan's terms.

The Plan Administrator concluded as much, and set forth its reasoning in the Appeal Decision Letter:  "The first written claim was received on December 3, 2019.  This is more than 60 days after Mr. Sunwoo received the 2018 Severance Payment.  The Plan provides at page [11] that written claims received after 60 days will be denied, and accordingly, the appeal can be denied on that basis alone."  *Id.*, p. 2.  The Plan Administrator's decision in that regard was neither "without reason, unsupported by substantial evidence [n]or erroneous as a matter of law."  *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995) (internal quotation marks omitted).  As such, under the governing arbitrary and capricious standard, the Court is precluded from overturning the Plan Administrator's application of the Severance Plan's time limitations.  Count Three must be dismissed "on that basis alone."  Hill Decl., Exh. E, p. 2.

**C.    The Plan Administrator correctly determined that Plaintiff's severance benefits were properly calculated under the terms of the Severance Plan.**

Even assuming Plaintiff's claim were timely (it was not) or that the Court need reach the merits (it does not), Count III fails for the additional, independent reason that Plaintiff was paid all the benefits he was entitled to under the Severance Plan.  The Plan Administrator's decision to that effect was reasonable and correct under the plain terms of the Severance Plan, and was not an abuse of discretion.[8]

As the Appeal Decision Letter explained:

[p]ursuant to the terms and conditions of the Plan, an employee is eligible for benefits if he or she is involuntarily terminated by the Company and receives written notice of the elimination of his or her job due to: (i) elimination of the employee's job; (ii) sale or closing of all or part of the employee's business unit; or (iii) relocation of the employee's position to a site that that is more than a reasonable commuting distance from the Company location where the employee's current position is based.  If an employee meets the eligibility requirements, the Plan provides a number of weeks of severance pay calculated based upon the employee's Eligible Compensation and years of Continuous Service.[]  For salaried employees, Eligible Compensation is an employee's weekly base salary multiplied by 52.  As set forth in the Summary Plan Description for the Plan, bonuses, commissions, overtime and other forms of special or incentive remuneration are excluded from this calculation.  The amount of severance pay is calculated based on the years of Continuous Service as of the employee's termination date, and whether the employee's base salary is over $150,000.

Hill Decl., Exh. E, p. 3; *see also id.*, Exh. A., pp. 6-9.

As further explained to Plaintiff, the terms of the Plan required calculation of his severance based on his 16 years of Continuous Service with Eligible Compensation under $150,000.  The Plan provides that employees with eligible compensation of less than $150,000 per year who have 16 years of Continuous Service are entitled to 40 weeks of severance pay.  Hill Decl., Exh. A, p. 8.  Plaintiff's weekly base salary was $913.85.  Hill Decl., Exh. E, p. 3.  He was therefore eligible

---

[8] Even were the Court to apply a de novo standard to Plaintiff's Count Three, it would nonetheless fail for all the same reasons.

for 40 weeks of severance pay, which equaled a gross amount of $36,553.85.  *Id.*; *see also id.*, Exh. A., p. 8.  Defendants correctly disbursed to Plaintiff $36,553.85 of severance pay on September 13, 2018.  *See* Hill Decl., Exh. E, pp. 2-3.

Accordingly, the Plan Administrator's calculation of Plaintiff's benefits was based on the plain, unambiguous language of the governing Severance Plan and it constitutes a "reasonable interpretation" of the Severance Plan, which cannot be overturned under the deferential standard.  *Suarato v. Bldg. Servs. 32BJ Pension Fund*, 554 F. Supp. 2d 399, 416 (S.D.N.Y. 2008); *id.*, 420 (dismissing an ERISA denial of benefits action under the arbitrary and capricious standard because the plan administrator's review of the administrative claim was "full and fair").  The Appeal Decision Letter confirms that the Plan Administrator reviewed the administrative record, applied the provisions of the governing Severance Plan, and correctly determined Plaintiff's benefit award.  Therefore, Count Three fails to state a viable claim because the Plan Administrator's ruling was correct or, at the very least, not "arbitrary and capricious."

It bears noting that Plaintiff's reliance on the Notice Letter cannot save his ERISA claim from dismissal.  The Complaint alleges the Notice Letter states Plaintiff would receive a different severance benefit amount than what was paid.  Compl., p. 3, ¶ 1.  That allegation, even upon accepting it as true for the purpose of this Motion, is wholly inconsequential because the Notice Letter itself confirms that the terms of the Severance Plan controls.  The Notice Letter instructs: "If for any reason the number of weeks of severance pay described in this letter differs from the number of weeks that you are eligible for receive under the Severance Plan, ***you will receive the number of weeks specified in the Severance Plan***."  Hill Decl., Exh. B, p. 2 (emphasis added). Likewise, the Severance Plan confirms that "[o]nly the official Plan documents are used to determine severance pay eligibility or resolve claims disputes."  Hill Decl., Exh. A, p. 13.  The

Notice Letter is not a Plan document.  Moreover, under the Severance Plan, JPMorgan "reserves the right to amend, modify, reduce severance pay under, or terminate any provision(s) of the Plan at any time by act of the Plan Administrator."  *Id.*  Thus, the Court should not consider Plaintiff's allegation that he received a severance payment different from what was stated in the Notice Letter because that allegation is invalidated by the very documents on which the Complaint relies.  *See*, *e.g.*, *Karmilowicz v. Hartford Fin. Servs. Grp.*, No. 11 CIV. 539 CM DCF, 2011 WL 2936013, at *7 (S.D.N.Y. July 14, 2011) (granting a Rule 12(b)(6) motion where "the terms of [employment compensation] documents contradict Plaintiff's claims, and their clear language—not the complaint's allegations—prevails"); *see also Roberts v. Bliss*, 229 F. Supp. 3d 240, 248 (S.D.N.Y. 2017) (internal citation and quotations omitted) ("If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true.").

## III.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE RE-PLEADING WOULD BE FUTILE.

"[I]t is within the sound discretion of the district court to grant or deny leave to amend.  A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007) (internal citations omitted).  Re-pleading is futile when the "problem with [the pleader's] causes of action is substantive[.]"  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  The clear terms of the Severance Plan establish it is governed by ERISA, that Plaintiff was entitled to only 40 weeks of severance pay (which he was paid), and that administrative claims must be brought within 60 days to be timely.  Hill Decl., Exh. A, pp. 8, 11, 15.  These facts are indisputable and, upon applying the governing law as set forth above (including, the applicability of the arbitrary and capricious standard), they necessarily prevent Plaintiff from recovering any relief in

this action.  No re-pleading can alter the terms of the Severance Plan or the preemption provisions of the ERISA statute.  "The problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied."  *Cuoco*, 222 F.3d at 112.  As such, the Court should grant Defendants' Motion to Dismiss with prejudice.  *See*, *e.g.*, *Zeuner v. Suntrust Bank Inc.*, 181 F. Supp. 3d 214, 223 (S.D.N.Y. 2016) (granting Rule 12(b)(6) motion dismissing an ERISA claim for severance benefits and denying leave to amend "given the plain language of the Plan Terms").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion and dismiss the Complaint in its entirety and with prejudice.

Respectfully submitted,

October 6, 2020

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/  Melissa D. Hill*
　　 Melissa D. Hill

21