# Attachment 2

# RELEASE AGREEMENT

**Release of Claims**

I, Richard Sunwoo (U432310), sign this Release Agreement ("Release") in exchange for the severance pay, severance-related benefits and career services described in the Notice Letter to me dated 8/3/2018 (the "Notice Letter"). The Notice Letter is incorporated into this Release by reference.

I understand that this Release will be binding on me, my heirs, assigns, representatives and estate. I hereby release JPMorgan Chase & Co. (and any predecessor or successor entities thereof), its affiliates, subsidiaries, employees, directors, officers, representatives, administrators, agents, assigns, trustees, and any fiduciaries of any employee benefit plan (collectively, the "Company") from all liability for any claims or potential claims relating to my employment with the Company and/or the termination of my employment, subject to the exceptions listed below. I understand that "claims" includes claims I know about and claims I do not know about, as well as the continuing effects of anything that happened before I sign below.

The claims covered by this Release include but are not limited to the following, to the extent such claims may be waived or released under applicable law:

- any claims under any federal, state or local law, including, but not limited to, the Americans with Disabilities Act, the National Labor Relations Act, the Employee Retirement Income Security Act of 1974 ("ERISA") including, but not limited to, breach of fiduciary duty and equitable claims arising under 1132(a)(3) of ERISA, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended by the Older Workers Benefit Protection Act of 1990, the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act (all as amended), the Fair Credit Reporting Act or other federal, state or local laws relating to background checks, the Sarbanes-Oxley Act, the Dodd-Frank Wall Street and Consumer Protection Act, the New Jersey Conscientious Employee Protection Act, any other federal, state or local statute or regulation related to whistleblowers and retaliation, state or local wage and hour laws, including but not limited to claims for overtime, minimum wages, premium wages, penalties, liquidated damages or interest under the California Labor Code and the Industrial Welfare Commission Wage Orders, or state or local laws against discrimination, including but not limited to the California Fair Employment and Housing Act; and

- any claims under any policy, procedure, practice, contract (whether express, oral, written or implied from any source) , tort (including but not limited to claims of defamation, intentional or negligent infliction of emotional distress, tortious interference, wrongful or abusive discharge, conversion, fraud, negligence, loss of consortium) , common law or public policy; and

- any claims of retaliation under all federal, state, local or common or other law; and

- any claims related to employment and/or benefits subject to or covered by any arbitration agreements or provisions.

The following are claims that I am <u>not</u> releasing:

- any claim for unemployment compensation benefits;

- any claim for Worker's Compensation benefits;

- any legal obligations of the Company to indemnify me under applicable by-laws consistent with applicable law; however, I acknowledge that I have reported in writing to the Company any

business expenses I have incurred;

- any other claim that cannot be released by private agreement under applicable law;

- any legal obligations of the Company under the terms of any award of restricted stock/units or stock options/stock appreciation rights outstanding as of the date my employment terminates; or

- any rights or claims (i) that may arise after I sign below, (ii) under the terms of the Notice Letter, (iii) under the terms of any pension plan or deferred compensation plan for payment of any vested benefits, or (iv) for benefits under any employee welfare plan in which I participate, all as in effect from time to time, including but not limited to, health insurance benefits under the Consolidated Omnibus Budget Reconciliation Act.

**Agreement Not to Sue**

I agree that I will not file a lawsuit or initiate any other legal proceedings for money or other relief in connection with the claims I am releasing above. However, I understand that nothing in this Release prevents me from filing an administrative charge with the Equal Employment Opportunity Commission or a corresponding state or local agency. I agree that if I do file such a charge with the EEOC or a corresponding state or local agency, to the maximum extent permitted by law, I waive my right to receive any individual monetary relief from the Company or any others covered by the Release of Claims resulting from such claims or conduct, regardless of whether I or another party has filed them, and in the event I obtain such monetary relief, the Company will be entitled to an offset for the payments made pursuant to this Release. Notwithstanding the foregoing, I understand that nothing in this Release shall prohibit or restrict me from providing information to or cooperating with Congress, the Securities and Exchange Commission (SEC), the Commodity Futures Trading Commission (CFTC), the Consumer Financial Protection Bureau (CFPB), the Equal Employment Opportunity Commission (EEOC), the Occupational Safety and Health Administration (OSHA), the National Labor Relations Board (NLRB) or any other federal, state, or local government, regulatory, or law enforcement agency ("Government Agencies"), the Financial Industry Regulatory Authority (FINRA), or any other self regulatory organization ("SRO").

I understand that this Release does not prevent me from filing a lawsuit to pursue any claims that by law I cannot waive.

I agree that if a class, collective or representative action is or has been brought against the Company and I could be a participant in such action because of my employment with the Company, I will not act as a class, collective or representative action representative, will not be a named plaintiff and will opt out of the class, collective or representative action, or refrain from opting in, and I will not accept any monetary relief from the action. However, this Agreement does not prevent me from being a witness in any such action.

**Compensation and Leaves**

I agree that, if applicable, I have reported all hours that I worked for the Company, and that the Company has paid me all compensation (including without limitation all hourly pay, salary, accrued and unused vacation time, bonus, incentive and overtime payments) that I have earned on or before the date I sign below, except for any payments to which I am entitled under the terms of the Notice Letter and continued equity vesting, if applicable, pursuant to the job elimination provision and subject to the terms and conditions of such equity awards. I also agree that I have not been denied any paid or unpaid leaves to which I am legally entitled as of the date I sign below.

As of the date I sign this Agreement, I represent that I have no physical or mental disability or injuries resulting from my employment with the Company that would form the basis for a Workers' Compensation claim against the Company.

**Continuing Obligations, Code of Conduct**

By signing below, I agree to the terms of the Notice Letter and my continuing obligations outlined below.

I understand that I continue to have certain obligations under the Company's Code of Conduct following the termination of my employment and that I may obtain a copy of the Code of Conduct from my Human Resources Business Partner. These responsibilities include, but are not limited to, an obligation to return all Company assets in my possession, maintain the confidentiality of information, and refrain from insider trading based on information obtained in the course of employment by the Company. Notwithstanding the foregoing, I understand that an employee shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (A) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney and (ii) solely for the purpose of reporting or investigating suspected violation of law: or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Further, I understand that, in the event that an employee files a lawsuit for retaliation by the Company for reporting a suspected violation of law, an employee may disclose the trade secret to his or her attorney and use the trade secret information in the court proceeding, if the employee: (a) files any document containing the trade secret under seal; and (b) does not disclose the trade secret, except pursuant to court order.

If requested, I will assist the Company with investigations, litigation, and the protection of intellectual property relating to my employment. Additionally, I have advised the Company, through the reporting channels set forth in the Company's Code of Conduct, of all facts of which I am aware that I believe may constitute a violation of the Company's Code of Conduct and/or the Company's legal obligations.

I understand that if I am subject to any agreement to arbitrate disputes with the Company that arbitration agreement is not superseded by this Agreement and remains in full force and effect.

I understand that the Company views its relationships with its employees and customers as important and valuable assets. I acknowledge that information about the Company's customers including their identities, preferences and transactions with the Company, as well as information concerning the identity of employees of the Company, constitutes proprietary and confidential information belonging to the Company which was assembled and developed over time through the expenditure of significant resources and substantial effort. Accordingly, during the remainder of my employment and for a period of one year after the date my employment terminates (or any longer period specified in any equity award or other agreements applicable to me), I will not, on my own behalf or on behalf of any other party, without the prior written consent of the Director of Human Resources of the Company or his or her delegate:

1. solicit, induce, or encourage any of the Company's then current employees to leave the Company or to apply for employment elsewhere;

2. hire any employee or former employee who was employed by the Company on the date my employment terminates, unless the individual's employment with the Company terminated because his or her job was eliminated, or the individual's employment with the Company has been terminated for more than six months; or

3. solicit, induce, or encourage to leave the Company, or divert or attempt to divert from doing business with the Company, any then current customers, suppliers, or other persons or entities that were serviced by me or whose names became known to me by virtue of my employment with the Company, or otherwise interfere with the relationship between the Company and such customers, suppliers, and other persons or entities. This does not apply to publicly known institutional customers that I service after my employment with the Company terminates without the use of the Company's confidential or proprietary information.

If I am bound by additional post-employment obligations to the Company set forth in other agreements I have with the Company or in policies applicable to me, including (but not limited to) incentive plans, equity awards, line of business policies, sales agreements or other compensation/employment agreements, those restrictions and obligations remain in full force and effect, to the extent allowed by applicable law.

The terms of such equity awards (incorporated into this Release by reference) may include recapture and recovery provisions as well as non-solicitation of employees and customers and similar covenants.

I agree that I will not disparage or encourage or induce others to disparage the Company and/or its employees, directors or shareholders as a group, in any way, including but not limited to making any derogatory statements in verbal, written, electronic or any other form about the Company or its employees, directors or shareholders as a group. The foregoing includes, but is not limited to, any derogatory statement made in, or in connection with, any article or book, on a website, in a chat room or via the Internet. Notwithstanding the foregoing, I understand that this Release does not prohibit or restrict me from reporting to the Company's management or directors regarding conduct I believe to be in violation of the law or prohibit or restrict me from providing information to or cooperating with any Government Agencies or any SROs.

I agree on behalf of myself and my agents not to communicate with the press or other media about matters related to the Company, its customers or employees or my or other's employment or activities with the Company without prior written consent of the Company's HR Director. I further agree to cooperate as directed by the Company with any investigation, inquiry, examination or litigation related to the Company's business and to provide full and accurate information to the Company and its counsel with respect to any matter (including any audit, tax, tax proceeding, litigation, investigation or governmental proceeding) that relates to matters over which I may have knowledge or information, subject to reimbursement for appropriate and reasonable costs and expenses. Notwithstanding the foregoing, this Release does not limit my ability to communicate with any Government Agencies or SROs or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency or SRO, including providing documents or other information, without notice to the Firm. This Release also does not limit my right to receive an award for information provided to any Government Agencies other than for charges filed with the EEOC or corresponding state or local agency as set forth above.

I understand that the Company reserves the right, to the maximum extent permitted by law, to reduce payments due to me (including amounts under the Notice Letter) by any amounts that I owe to the Company, and I authorize those reductions.

I agree that in the event I am contacted by any person or entity, including the media, seeking information or testimony from me in connection with my or others' employment, duties or activities at the Company (including knowledge I came into possession of in connection with my employment at the Company), I shall, prior to providing that information or testimony, to the extent lawfully permitted, advise the Company in writing sent to the Legal Department, Litigation Group at Legal.Papers.Served@jpmchase.com, that such information or testimony is sought, and cooperate with the Company and its counsel in connection with the request for such information. Should such request be in the form of a subpoena or other legal process, I shall, in advance of providing any response and within 4 days of receipt of such process, provide written notice to the Legal Department, Litigation Group at Legal.Papers.Served@jpmchase.com so that the Company may seek to assert its or their rights and interests in connection with such process. Notwithstanding the foregoing, this Release does not limit my ability to communicate with any Government Agencies or SROs or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency or SRO, including providing documents or other information, without notice to the Firm. This Release also does not limit my right to receive an award for information provided to any Government Agencies other than for charges filed with the EEOC or corresponding state or local agency as set forth above. Subject to the confidentiality obligations discussed herein, nothing in this Release shall prohibit me from discussing my employment, duties or activities at the Company with friends, family members or prospective employers.

The Company prohibits retaliation against any individual because he/she reported a concern to a Government Agency or SRO or otherwise participated in any investigation or proceeding that may be conducted by any Government Agency or SRO.

**Enforcement of Release**

I agree that violating my continuing obligations outlined in this Release will be considered a material breach of this Release and that in such a case it will be appropriate for the Company to take legal action to ask for money and an injunction. I agree that any injunction the Company obtains will be in addition to any money damages. I further understand that if I violate the terms of this Release, any of the severance pay and benefits I received because of this Release or the Notice Letter will stop and/or be due and owing to the

Company.

I agree that, to the extent not preempted by federal law, this Release and the Notice Letter will be governed by the laws of the State of New York.

I also agree that if any of the provisions contained in this Release or the Notice Letter are found to be unenforceable by a court or other forum of competent jurisdiction, the court shall change those provisions to the extent necessary to make them enforceable or delete them, but all of the remaining provisions of this Release and the Notice Letter will remain valid and binding upon both parties.

**Deadline to Return; Knowing and Voluntary Agreement**
I understand and agree that I have until 9/16/2018 to sign this Release.

By signing below, I confirm that I have read this Release, understand it, agree to it and sign it knowingly and voluntarily. I agree that I am signing this Release in exchange for benefits to which I would not otherwise be entitled. I am hereby advised to discuss this Release with an attorney of my choosing (at my own expense) prior to the execution of this Release. I agree that I have been given a reasonable period of time (at least forty-five (45) calendar days) to review, consider and sign this Release. I agree that any modification, material or otherwise, made to this Release does not restart or affect in any manner the original (forty-five (45) calendar days) consideration period. I understand that I may change my mind and revoke this Release within seven (7) days of signing it by executing my revocation within that seven day period.

**Entire Agreement**
I understand that this Release and the Notice Letter set forth the entire agreement and fully supersede any and all prior agreements or understandings between the Company and me regarding the subject matter thereof. I further understand and agree that this Release and the Notice Letter may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement signed by both the Company and me that specifically references this Release and the Notice Letter.

Intending to be legally bound, I,Richard Sunwoo, hereby sign the foregoing Release this 3rd day of September, 2018.

*Richard Sunwoo*

Richard Sunwoo