# Attachment 5

JPMORGAN CHASE & CO.

**Clarissa Ramos-Cafarelli**
Managing Director
Head of Employee Engagement, Culture & Conduct - Advisory

April 14, 2020

**VIA E-MAIL**

Benjamin Weisenberg
Ottinger Law
401 Park Avenue South
New York, New York 10016
benjamin@ottingerlaw.com

**Re: JPMorgan Chase U.S. Severance Pay Plan**
**Appeal of Denial of Severance Benefits**

Dear Mr. Weisenberg:

I write in response to your letter dated February 19, 2020, appealing the January 31, 2020 denial of your client Mr. Richard Sunwoo's claim for additional severance benefits under the JPMorgan Chase U.S. Severance Pay Plan ("Plan"). In accordance with the Plan's appeal procedures, I have reviewed the facts surrounding the appeal. For the reasons set forth below, the appeal is denied.

**Background**

Mr. Sunwoo was formally advised in a notice letter dated August 3, 2018 (the "Notice Letter"), that his position was being eliminated with a termination date of September 16, 2018 (the "Termination Date"). The Notice Letter stated that Mr. Sunwoo would be entitled to a severance payment of "48 weeks of severance-eligible compensation, based on annual eligible compensation of $400,000 . . . in accordance with the terms of the Severance Plan." The notice provided that he sign a release no later than September 16, 2018. On September 5, 2018 Mr. Sunwoo submitted an executed release letter which provided that it was revocable for seven days following execution.

On September 7, 2018 Mr. Sunwoo was provided a notice which indicated an earlier administrative error in calculation of the number of weeks of severance to which he were entitled (the "Revised Notice"). The Revised Notice indicated that Mr. Sunwoo was entitled to 40 weeks of severance, which matched the timeframe for employees with Eligible Compensation of Less than $150,000/Year and the Revised Notice referenced page 8 of the Plan. Additionally, the Revised Notice provided, "As stated in the Severance Pay Plan policy, the eligible compensation for your severance pay includes your weekly base salary, including any applicable shift differential and language differential, and excludes all bonuses, commissions, overtime, and other forms of special or incentive remuneration." (emphasis in original).

JPMORGAN CHASE & CO.

**Clarissa Ramos-Cafarelli**
Managing Director
Head of Employee Engagement, Culture & Conduct - Advisory

On September 11, 2018, Mr. Sunwoo's release became irrevocable. On September 12, 2018, we provided written confirmation of Mr. Sunwoo's request for an accelerated termination date of September 11, 2018. On September 13, 2018, Mr. Sunwoo received the severance payment based on his base salary amount as set forth in the Plan ("2018 Severance Payment").

After your firm contacted JPMC legal, and was instructed by JPMC legal to file a claim in accordance with the Severance Plan, Mr. Sunwoo instead initiated arbitration seeking to compel payment in accordance with the Notice Letter. The arbitration was later dismissed for lack of jurisdiction.

By letter dated December 3, 2019, Mr. Sunwoo sent a letter demand to JPMC Employee Relations in connection with the Notice Letter. This letter was treated as a claim for Severance benefits under the Severance Plan. It was filed more than 60 days after the 2018 Severance Payment.

By letter dated January 31, 2020, Mr. Sunwoo's claim was denied on the basis that the claim was untimely and also denied on the merits (the "January 2020 Letter"). By letter dated February 19, 2020, you submitted a letter to the JPMorgan Chase Severance Administrator appealing the denial set forth in the January 2020 Letter (the "February Appeal Letter"). This letter is a response to the February Appeal Letter.

**Severance Must be Paid in Accordance with the Plan**

The Plan is an "employee welfare benefits plan" and subject to the requirements of the Employee Retirement Income Security Act ("ERISA"). The Plan is a voluntary arrangement sponsored by the Company and it is a discretionary plan. This means that the Company is not required by law to provide severance and the Plan Administrator retains full discretion to determine eligibility and the amount of the severance pay. However, the Plan must only provide benefits in accordance with its express terms. Based upon a review of the facts, and as set forth in the January Letter and below, the severance pay was granted in accordance with the Plan's requirements and the claim made for additional severance was also untimely.

**Appeal Denied Because No Timely Claim was Submitted**

The Plan provides that a written claim must be received within 60 days of the event giving rise to a claim. The 2018 Severance Payment was received on September 14, 2018. The process to file a claim under the Severance Plan is described on page 12 of the Plan.

The first written claim was received on December 3, 2019. This is more than 60 days after Mr. Sunwoo received the 2018 Severance Payment. The Plan provides at page 12 that written claims received after 60 days will be denied, and accordingly, the appeal can be denied on that basis alone.

JPMORGAN CHASE & CO.

**Clarissa Ramos-Cafarelli**
Managing Director
Head of Employee Engagement, Culture & Conduct - Advisory

**Appeal Denied Because Severance Was Paid In Accordance with Plan**

Pursuant to the terms and conditions of the Plan, an employee is eligible for benefits if he or she is involuntarily terminated by the Company and receives written notice of the elimination of his or her job due to: (i) elimination of the employee's job; (ii) sale or closing of all or part of the employee's business unit; or (iii) relocation of the employee's position to a site that that is more than a reasonable commuting distance from the Company location where the employee's current position is based. If an employee meets the eligibility requirements, the Plan provides a number of weeks of severance pay calculated based upon the employee's Eligible Compensation and years of Continuous Service.[1] For salaried employees, Eligible Compensation is an employee's weekly base salary multiplied by 52. As set forth in the Summary Plan Description for the Plan, bonuses, commissions, overtime and other forms of special or incentive remuneration are excluded from this calculation. The amount of severance pay is calculated based on the years of Continuous Service as of the employee's termination date, and whether the employee's base salary is over $150,000.

Pursuant to the terms of the Plan, Mr. Sunwoo's severance was calculated based on 16 years of Continuous Service with Eligible Compensation under $150,000. As set forth in the Amount of Severance Pay chart on page 9 of the Plan, and in the Revised Notice dated September 7, 2018, Mr. Sunwoo was eligible for 40 weeks of severance. Mr. Sunwoo's weekly base salary was $913.85, and had sixteen years of service. He was therefore eligible for 40 weeks of severance pay, which equaled a gross amount of $36,553.85.

As Plan Administrator, I am required to administer the Plan in accordance with its express terms. The claims and appeals procedures under the Plan do not authorize me to rewrite the Plan in any manner, including changing when an appeal is considered timely or how severance is calculated. No timely appeal was filed and further, your severance amount was appropriately calculated under the Plan. Accordingly, your request that your severance pay be based on compensation that includes amounts greater than base salary is denied.

**Certain Documents Requested Provided**

In your February Appeal Letter, you requested copies various documents on behalf of your client. The Plan and applicable law do not permit or require that all documents relating to other employees will be provided. Accordingly, by separate email we are providing the documents relied upon in the denial of the claim, which include: 1) the Notice, 2) the Revised Notice, 3) the release dated September 5, 4) the claim dated December 3, 2019, 5) the appeal letter dated February 19, 2020, 6) a pay statement generated 1/31/20, 7) the salary profile statement generated 3/2/20, and 8) the Record History.

---

[1] Capitalized terms not defined herein are defined in the Plan.

JPMORGAN CHASE & CO.

**Clarissa Ramos-Cafarelli**
Managing Director
Head of Employee Engagement, Culture & Conduct - Advisory

***

This appeal denial constitutes a final decision under the Plan, and it is binding on all parties. Your client is entitled to receive upon request and free of charge reasonable access to, or copies of, all documents, records, and other information. Your client has the right to bring a legal action under Section 502(a) of ERISA. If your client bring an action under ERISA, your client must commence the action within one year of the denial of the appeal for severance benefits, regardless of any state or federal statutes regarding limitations of actions.

Very truly yours,

28 Liberty Street, Floor 22, NY1-A302, New York, NY 10005-1401
Telephone: +1 212 270 4247 clarissa.ramos-cafarelli@jpmorgan.com